access to Route No. 11 for the purpose of constructing underground utility pipes. Thus, there is clear proof that the taking deprives claimant of access to the gas and water available nearby. The loss of these utilities was a proper subject for consideration in fixing the diminution in value of a portion of the property best usable for residential purposes. The trial court doubtless considered these facts but they are not contained in the decision. We make additional findings to cover the subject matter. (Appeal from judgment of Court of Claims for claimant on a claim for appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH BOYLE, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Cayuga Special Term denying an application for a writ of habeas corpus, without a hearing.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ In the Matter of DOMINICK BRETTI, Respondent, v. ARCHIE G. EASTMAN, as Sheriff of Oneida County, Appellant.— Order unanimously reversed, without costs of this appeal to either party and proceeding dismissed, without costs. Memorandum: This was a proceeding to compel the Sheriff of Oneida County to amend his notation on the commitment of the respondent to Elmira Reception Center by increasing his jail term credit from 75 days to 85 days. Respondent was indicted by an Oneida County Grand Jury. He pleaded guilty to the crime charged on the 12th day of November 1954, and was sentenced to Elmira Reception Center on the same day. He was received at the Reception Center on November 23, 1954 with a notation on his commitment of an allowance of 75 days' jail time. He claims that the time from sentence to delivery to the Elmira Reception Center should be credited on his sentence. Special Term directed that such time intervening between sentencing and delivery to the correctional institution be credited to the petitioner. Section 231 of the Correction Law provides that the time of imprisonment of a prisoner shall begin on the date of his actual incarceration in the reception center. Section 2193 of the Penal Law provides that the time spend in jail after arrest and before sentence constitutes jail time for which the prisoner is to be given credit and it is calculated as part of the sentence imposed. There is no provision of law for crediting time spent in jail after sentence and before being received in a State correctional institution. (Cf. *People ex rel. Jackson* v. *Weaver,* 279 App. Div. 88.) The proceeding herein was not one in habeas corpus although the final paragraph of the order might so indicate. The order is procedurally improper but we prefer to answer the question on its merits. The legislative attempt to meet the problem and the Governor's veto message indicates the very real question presented. It also indicates that the remedy is to be sought not in the judicial forum but in the legislative. The order was improper and should be reversed. (Appeal from order of Oneida Special Term directing the respondent Sheriff to credit 10 days of time in Oneida County Jail after date of sentencing and discharging defendant from Attica.) Present.— Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BARTLAM, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Cayuga Special Term dismissing a writ of habeas corpus and remanding relator to the custody of the Warden.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESSE L. HUGHES, JR., Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respond-

ent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Cayuga Special Term denying an application for a writ of habeas corpus, without a hearing.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES BRANCH, Appellant, v. THOMAS MARTIN, as Superintendent of the Onondaga County Penitentiary, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES BRANCH, Appellant, v. SARTO MAJOR, as Sheriff of the County of Onondaga, Respondent.— Order unanimously affirmed, without costs of this appeal to either party, on the authority of the *People* v. *Bellfield* (33 Misc 2d 712, affd. 11 N Y 2d 947). (Appeal from order of Onondaga County Court dismissing a writ of habeas corpus.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ In the Matter of MATHIAS MULLER et al., Doing Business as SOUTH COLUMBIA INN, Petitioners, v. MARTIN C. EPSTEIN et al., Constituting the State Liquor Authority, Respondents.— Determination unanimously confirmed, without costs. (Review of Determination of respondents, transferred by order of Herkimer Special Term, which cancelled the hotel liquor license of the petitioners.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ In the Matter of LEO T. NOONAN, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously annulled, with $50 costs and disbursements and respondent directed to restore petitioner's license. Memorandum: Petitioner's driver's license was suspended for 30 days following a hearing pursuant to section 510 (subd. 3, par. [c]) of the Vehicle and Traffic Law because of gross negligence in the operation of his automobile. While there is proof in the record upon which a finding of ordinary negligence might possibly be based, we find no substantial evidence that petitioner was guilty of gross negligence in the operation of his vehicle. (Review of determination of respondent suspending petitioner's driver's license for 30 days, transferred by order of Erie Special Term.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of the Estate of MARVIN C. McDONALD, Deceased. MARY F. HENRY, Appellant; MILDRED H. McDONALD et al., Respondents.— Decree unanimously affirmed, without costs of this appeal to either party. (Appeal by Mary Frances Henry, heir at law, next of kin and legatee, from decree of Onondaga County Surrogate's Court construing the will of decedent.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ VIRGINIA CONNOR, as Administratrix of the Estate of JAMES CONNOR, Deceased, Respondent, v. GERALD HOFFMAN et al., Appellants.— Judgment and order unanimously affirmed, with costs. (Appeal from judgment and order of Monroe Trial Term, for plaintiff in an automobile negligence action. The order denied a motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of ROY C. SCHOENHAAR et al., Respondents, v. IRVING AIR CHUTE CO. INC., et al., Appellants.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal by respondents from an order of Erie Special Term declaring action of board of directors of Irving Air Chute Co., Inc., postponing date of annual meeting void and of no effect; denying respondent's demand for a jury trial; ordering respondent Halpern as secretary to call a meeting for May 16, 1962 and to give due and proper notice to stockholders.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.